UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Citizens Bank, N.A.,

Case No. 3:23-cv-1819-JGC

     Plaintiff,

  v.

**ORDER**

Abdur-Rahim Dib Dudar,

     Defendant.

This case involves an underlying foreclosure action. *Pro se* Plaintiff Abdur-Rahim Dib Dudar seeks to remove a closed state-court case to this Court. He asks that I review the Ohio Supreme Court's decision declining to hear his appeal of a judgment.

Pending is Citizens Bank's motion to dismiss (Doc # 4). Mr. Dudar responded to Citizens Bank's motion. (Doc # 6). For the reasons below, I grant Citizens Bank's motion and dismiss the case. Mr. Dudar also filed a motion to proceed *in forma pauperis* ("IFP") (Doc # 2). For the reasons explained below, I deny the motion as moot.

## Background

In April 2021, Citizens Bank filed a foreclosure action against Osama Dib Dudar (now deceased) in the Lucas County Court of Common Pleas. (Doc # 1). *See Citizens Bank v. Dudar*, G-4801-CI-202101913 (Lucas Cty. Ct. of Comm. Pls.) Mr. Dudar, is Osama Dib Dudar's brother and an interested party in Citizens Bank's action. He filed a motion to dismiss for lack of jurisdiction in that case. (*Id*.) On June 22, 2021, the Lucas County Court denied Mr. Dudar's motion. (*Id*.)

1

Then, Mr. Dudar filed multiple additional motions in the Lucas County Court, including motions demanding $40,800 from Citizens Bank, for attorney fees, to strike interrogatories, to compel answers to discovery, and for summary judgment. (*Id*.) Citizens Bank filed a motion for summary judgment. On April 7, 2022, the Lucas County Court granted Citizens Bank's motion for summary judgment and entered a judgment in its favor. (*Id*.) On April 12, 2022, the Lucas County Court denied all of Mr. Dudar's pending motions as moot and closed the case. (*Id*.)

Afterwards, Mr. Dudar filed two additional rounds of motions in the Lucas County Court. (*Id*.) His motions included a motion for a jury trial, to appoint an attorney for his deceased brother Osama Dib Dudar, and to "get into discovery mode" with Citizens Bank. (*Id*.) On April 21, 2022 and May 5, 2022, the Lucas County Court denied all of Mr. Dudar's motions. (*Id*.) It held that they were "not well taken." (*Id*.)

On July 6, 2022, the Lucas County Court confirmed the sale of the underlying foreclosed property. (*Id*.)

Mr. Dudar filed a notice of appeal on the same day. (*Id*.) He then filed a motion "for rehearing" in the Ohio Sixth District Court of Appeals. (*See* Doc # 1-2, PageID # 33).

On March 7, 2023, the Court of Appeals struck Mr. Dudar's motion. (*Id*). It stated that Mr. Dudar's filings in the Court of Appeals "constitute[] the unauthorized practice of law." (*Id*. at PageID # 34). It ordered: "*Appellant shall not make any more filings on behalf of Osama D. Dudar*." (*Id*. at PageID # 35 (emphasis in original)).

Citizens Bank filed a motion to dismiss Mr. Dudar's appeal. (*Id*.) Also on March 7, 2023, the Court of Appeals granted Citizens Bank's motion and closed the case. (*Id*.)

On March 24, 2023, Mr. Dudar filed a motion "to recall" the Court of Appeals' March 7, 2023 decision. (ECF # 1-2, PageID # 23). The Court of Appeals stated: "the instant case was

terminated by dismissal on March 7, 2023, and there is no pending case. The motion is hereby denied as moot and stricken from the record." (Doc # 1-2, PageID # 22).

After this, Mr. Dubar filed additional documents in the Court of Appeals, including a motion to reinstate his appeal. (Doc #1-2, PageID # 17).

On August 29, 2023, the Court of Appeals denied Mr. Dubar's motion to reinstate and again noted that it terminated the case on March 7, 2023. (Doc # 1-2, PageID # 16). It also noted that the Ohio Supreme Court had reviewed the case and subsequently declined to accept jurisdiction. (*Id.*; *and see* Doc # 1-2, PageID # 15).

On September 19, 2023, Mr. Dudar filed the present case, entitling it: "Case Removal from State Courts to Federal Court for Good Cause." (Doc # 1, PageID # 1). He argues he is appearing as "substitute … for the late Osama Dib Dudar." (*Id.*) He states that when the "Supreme Court of Ohio. . . invoked lack of jurisdiction," its decision "pav[ed] the path to the US District Court." (*Id.* at PageID # 2). Mr. Dudar challenges the validity of Citizens Bank's loan to Osama Dib Dudar, arguing "Osama was paying the monthly bills to the Bank under duress." (*Id.*) He also argues that the Ohio Court of Appeals "was prejudicial" in its statement that Mr. Dudar could not appear in a case on behalf of his brother, because Mr. Dudar is not an attorney.

## **Legal Standard**

Under the *Rooker-Feldman* doctrine, federal district courts do not have subject matter jurisdiction to review the decisions of state courts. *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983*); Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

## Discussion

Under 14 U.S.C. § 1441, a defendant may remove a case only where "district courts of the United States have original jurisdiction." I do not have jurisdiction here.

In his filing, Mr. Dudar seeks to have this Court review and reject the decision of the Ohio state court. Under the *Rooker-Feldman* doctrine, I lack jurisdiction to do so and accordingly I dismiss the case.

Under 14 U.S.C. § 1446(b), a party must file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." As discussed above, Citizens Bank filed its state-court foreclosure action in April of 2021. The 30-day removal period has therefore long expired before Mr. Dudar filed this case in September of 2023.

Mr. Dudar also seeks IFP status. (Doc # 2). His motion is denied as moot because I do not have jurisdiction in this case.[1]

---

[1] If I had jurisdiction to consider the IFP motion, I would be compelled to find that Mr. Dudar has not satisfied the requirements of 28 U.S.C. § 1915. The statute requires that he "submit[] an affidavit. . . that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Mr. Dudar's IFP motion does not satisfy these statutory obligations. The only reason he gives for seeking IFP status is his assertion that, "Osama's Estate has no money to pay anyone or entity. Osama died indigent." (*Id*. at PageID # 43). The remainder of his IFP motion sets forth his substantive argument that I should review and reverse the Ohio courts' decisions in Citizens Bank's favor, which I reject. (*See generally id*.)

4

## **Conclusion**

It is, therefore, ORDERED THAT:

1.  Citizens Bank's motion to dismiss be, and the same hereby is, granted.

2.  Mr. Dudar's case be, and the same hereby is, dismissed.

3.  Mr. Dudar's motion for IFP status be, and the same hereby is, denied as moot.

4.  I certify pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not

    be taken in good faith.

SO ORDERED.

/s/ James G. Carr
Sr. U.S. District Judge