IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Citizens Bank, N.A.,                                       Case No. 3:23-cv-1819-JGC

        Plaintiff,

    v.                                                              **ORDER**

Abdur-Rahim Dib Dudar,

        Defendant.

      This was a mortgage foreclosure case, originally brought by Plaintiff in the Lucas County Court of Common Pleas. The property owner was Osama Dib Dudar, now deceased. His brother, Abdur-Rahim Dib Dudar ("Mr. Dudar"), has attempted to defend the action *pro se* on Osama Dib Dudar's behalf as "substitute." Mr. Dudar is not an attorney.

      On October, 20, 2023, I granted Citizens Bank's Motion to Dismiss the Notice of Removal, and I dismissed the case. (Doc. 7).

      Now pending is (1) Mr. Dudar's "Motion that Judge's Order of 10/20/23 be Set Aside and Let the Case of Citizens Bank, NA v. Substitute Abdur-Rahim Dib Dudar Continue Its Course" (Doc. 9); (2) Mr. Dudar's Motion for Default Judgment (Doc. 10); and (3) Citizens Bank's Motion to Deem Abdur-Rahim Dib Dudar a Vexatious Litigator (Doc. 11).

      Mr. Dudar appears in this case on his own behalf, not represented by an attorney—what courts commonly refer to as "*pro se*." Because Petitioner is a *pro se* litigant, who does not have the legal training and knowledge of a lawyer, I must "construe [his] filings liberally." *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Sometimes, "[t]he appropriate liberal construction requires active interpretation" of

what the *pro se* litigant has submitted to me. *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985)).

Essentially, Mr. Dudar's motion claims that I made legal errors and asks me to reconsider my dismissal order. (Doc. 9). Therefore, I construe this *pro se* filing as a motion to "alter or amend judgment" under Federal Rule of Civil Procedure 59(e).

## **Procedural Background**

As noted, Citizens Bank originally filed the foreclosure action in the Lucas County Court of Common Pleas. Citizens Bank succeeded in getting summary judgment in its favor. In other words, the Court of Common Pleas allowed Citizens Bank to foreclose on and take possession of Osama Dib Dudar's property.

The Ohio Court of Common Pleas entered judgement in favor of the mortgagee, Citizens Bank. The Ohio Sixth District Court of Appeals dismissed the appeal, and the Ohio Supreme Court declined to hear the case.[1]

Mr. Dudar filed a Notice of Removal, believing that I had jurisdiction over this matter. (Doc. 1). Citizens Bank moved to dismiss the removal (Doc. 4). I granted Citizens Bank's motion (Doc. 7). Mr. Dudar now asks me to reconsider my dismissal and reinstate this case. Under the law, I cannot.

## **Discussion**

Federal Rule of Civil Procedure 59(e) allows me to alter or amend a prior judgment in the following limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to

---

[1] For a full discussion of the state-court procedural history, *see Citizens Bank, N.A. v. Dudar*, No. 3:23-CV-1819-JGC, 2023 WL 6958633, at *2 (N.D. Ohio Oct. 20, 2023) (Doc. 7, pgID 56–58).

prevent a manifest injustice." *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (Katz, J.). It is not an opportunity to repeat arguments already made based on facts and law already known. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). It is also not a second opportunity to raise new issues and facts that could have been raised earlier but were not. *Id.* ("[P]arties should not use [Rule 59(e) motions] to raise arguments which could, and should, have been made before judgment issued.").

Mr. Dudar does not show any of the three bases for reconsideration. *First*, he does not argue any change in controlling law that would alter the outcome of my prior order. *Second*, he does not present any new fact or evidence that he could not have known earlier. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) ("To prevail on a motion brought pursuant to Rule 59(e), newly discovered evidence must have been previously unavailable.") (internal quotation marks omitted). *Third*, he does not show any error in my prior order or demonstrate how my decision to dismiss will create a manifest injustice.

On this last point, I am sympathetic that losing a house, as what happened to Mr. Dudar's brother, is a difficult circumstance. I am also sympathetic that Mr. Dudar believes that the Ohio state courts should not have allowed the bank to foreclose on the house. But the law forbids me, as a federal district court judge in our country's federal system, from reviewing what the State of Ohio has already explained and decided.

### 1.  I cannot, by law, review decisions of the Ohio state courts

As I already explained in my prior order, the United States Supreme Court and Congress established long ago that federal district and appellate courts do not have jurisdiction[2] to review state court decisions. *Citizens Bank, N.A. v. Dudar*, No. 3:23-CV-1819-JGC, 2023 WL 6958633, at *2 (N.D. Ohio Oct. 20, 2023) (Doc. 7, pgID 58–59). This means that I have no jurisdiction whatsoever to review what the Ohio courts have done here.

The Ohio Supreme Court declined to hear the appeal from the Sixth District Court of Appeals. (Doc. 1-2, pgID 15). The Ohio Supreme Court ordered: "Upon consideration of the jurisdictional memoranda filed in this case, the court declines to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4)." (*Id.*).

Mr. Dudar argues this means that the Ohio Supreme Court waived its own jurisdiction and permitted jurisdiction in federal district courts. (Doc. 9, pgID 62). This is incorrect. The State of Ohio, for all relevant purposes here, cannot determine the extent of my jurisdiction— only the U.S. Constitution and Congress can. And the Ohio Supreme Court does not have to hear every appeal from every Ohio Court of Appeal decision.

Much like the United States Supreme Court, the Ohio Supreme Court has what is commonly called a "discretionary docket." This means that the Ohio Supreme Court gets to pick and choose which cases it hears. The practice rule cited in the court's order explains this procedure:

(B) Decision on Jurisdiction. Upon review of the jurisdictional memoranda, the [Ohio] Supreme Court will do one of the following:

---

[2] Jurisdiction, in this sense, means "A court's power to decide a case or issue a decree." *See Jurisdiction*, Black's Law Dictionary (11th ed. 2019). Without jurisdiction, I cannot act and any order I might make has no effect.

(1) Accept the appeal and order that the case be briefed in accordance with the applicable provisions of S. Ct. Prac. R. 16.01 through 16.08;

(2) Accept the appeal and hold the decision in the appeal for another case that is pending before the Supreme Court;

(3) Accept the appeal and enter judgment summarily;

(4) Decline to accept the appeal. In declining to accept an appeal the [Ohio] Supreme Court has determined that one or more of the following are applicable after review of the jurisdictional memoranda:

    (a) The appeal does not involve a substantial constitutional question and should be dismissed;

    (b) The appeal does not involve a question of great general or public interest;

    (c) The appeal does not involve a felony;

    (d) The appeal does involve a felony, but leave to appeal is not warranted.

(5) Take any other action the [Ohio] Supreme Court deems appropriate.

Ohio S. Ct. Prac. R. 7.08.

Thus, the Ohio Supreme Court had the option to either "accept" or "decline" the appeal. Deciding not to hear an appeal, as the Ohio Supreme Court did here, does not mean that Ohio somehow waived its jurisdiction. It just means that the court decided to let the court of appeal decision stand as the final decision in this case. And it *is* final. Jurisdiction never left the Ohio courts.

Under federal law, I simply do not have such a choice, and federal law forbids me from adjudicating this case. Under our federal republic, states are separate government entities that can, and do, determine the rights and obligations of its citizens.

### 2. Mr. Dudar was also far too late to remove the state proceeding to federal court

On top of this, as I explained in my prior order, the time for Mr. Dudar to file a notice of removal expired long ago. *Citizens Bank, N.A. v. Dudar*, No. 3:23-CV-1819-JGC, 2023 WL 6958633, at *2 (N.D. Ohio Oct. 20, 2023) (Doc. 7, pgID 59). Under federal law, which I am required to follow:

5

> The notice of removal of a civil action or proceeding **shall be filed within 30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446 (emphasis added).

Citizens Bank filed the foreclosure action on April, 30 2021 in the Lucas County Court of Common Pleas.[3] Mr. Dudar received service of the foreclosure complaint and summons on May 20, 2021. This means that Mr. Dudar had until Monday, June 21, 2021 to file his notice of removal. He did not do so until September 19, 2023—more than two years after time expired. (*See* Doc. 1).

Even if I had the authority to hear and determine Mr. Dudar's claims—which I certainly do not—the law would have required me to dismiss Mr. Dudar's removal because it was untimely.

## <u>Conclusion</u>

Nothing in my prior order (Doc. 7) warrants reconsideration. My analysis and discussion remain correct on the current law and facts: (1) I lack jurisdiction; and (2) removal was untimely. I deny Mr. Dudar's Rule 59(e) Motion to Alter or Amend a Judgment (Doc. 9). As this case is dismissed, I also deny Mr. Dudar's Motion for Default Judgment (Doc. 10) as moot.

Citizens Bank's Motion to Deem Abdur-Rahim Dib Dudar a Vexatious Litigator (Doc. 11) provides no legal or factual support. I have located other cases in other courts where Mr. Dudar was a litigant. On brief review, none of these courts have imposed sanctions, much less

---

[3] *Citizens Bank v. Dudar*, Case No. G-4801-CI-202101913 (Lucas Cty. Ct. of Comm. Pls.) (docket available online at https://co.lucas.oh.us/99/Dockets-Online).

designating him a vexatious litigator. I also decline to do so at this time and deny Citizens Bank's Motion.

However, should Mr. Dudar persist in improperly seeking relief in this Court, he will be subject to a finding that he is a vexatious litigator. This designation would place limitations on his ability to file pleadings in this—or any other—case he may undertake to bring in this—or any other—federal court. I will also consider the imposition of sanctions, namely attorney's fees and costs incurred by the opposing party, if Mr. Dudar violates this order.

It is, therefore, ORDERED THAT:

1. Abdur-Rahim Dib Dudar's "Motion that Judge's Order of 10/20/23 be Set Aside and Let the Case of Citizens Bank, NA v. Substitute Abdur-Rahim Dib Dudar Continue Its Course" (Doc. 9) be, and the same hereby is denied.

2. Abdur-Rahim Dib Dudar's Motion for Default Judgment (Doc. 10) be, and the same hereby is, denied as moot because the case is already closed.

3. Citizens Bank's Motion to Deem Abdur-Rahim Dib Dudar a Vexatious Litigator (Doc. 11) be, and the same hereby is, denied without prejudice.

4. **Should Mr. Dudar persist in improperly seeking relief in this Court, he will be subject to a finding that he is a vexatious litigator. This designation would place limitations on his ability to file pleadings in this—or any other—case he may undertake to bring in this—or any other—federal court. I will also consider the imposition of sanctions, namely attorney's fees and costs incurred by the opposing party, if Mr. Dudar violates this order.**

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge

7